

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2004

# Delker v. McCullough

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Delker v. McCullough" (2004). *2004 Decisions.* Paper 505.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/505

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 03-2145
——————

DANIEL DELKER,

Appellant

v.

JOHN MCCULLOUGH, in his official capacity as the
Superintendent of the State Correctional Institution at
Houtzdale; J. F. MAZURKIEWICZ, in his official capacity as
a member of the Program Review Committee of the State
Correctional Institution at Houtzdale; D. A. KYLER, in his
official capacity as a member of the Program Review
Committee of the State Correctional Institution at
Houtzdale; VARIOUS JOHN DOES, in their official capacity
as members of the Program Review Committee of the State
Correctional Institution at Houtzdale; THOMAS FULCOMER, in
his official capacity as a Regional Deputy Secretary for
the Pennsylvania Department of Corrections

——————————————————————————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-00312J)
District Judge: Honorable Joy Flowers Conti

——————————————————————————

Argued February 12, 2004

Before: SCIRICA, Chief Judge, ROTH and MCKEE, Circuit Judges

(Filed    July 12, 2004 )

Jere Krakoff, Esquire (Argued)
Pennsylvania Institutional Law Project
429 Forbes Avenue
1705 Allegheny Building
Pittsburgh, PA 15219

      <u>Counsel fo Appellant</u>

D. Michael Fisher
Attorney General

Kemal A. Mericli (Argued)
Senior Deputy Attorney General

John G. Knorr, III
Chief Deputy Attorney General
Office of Attorney General of Pennsylvania
6th Floor
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219

      <u>Counsel for Appellees</u>

_____

OPINION

_____


<u>ROTH, Circuit Judge</u>:

Daniel Delker appeals the District Court's order granting appellees' motion for

summary judgment. The procedural history of this case and the details of Delker's claims

are well-known to the parties, set forth in the District Court's thorough opinion, and need

not be discussed at length. Briefly, Delker alleged that he was confined in administrative

2

segregation without meaningful review and that this violated his right to due process. Delker has been kept in segregation since December 1973 after killing a Department of Corrections captain. The Magistrate Judge issued a Report and Recommendation and concluded that, while Delker had a liberty interest in being released from administrative segregation, the procedures used to determine whether or not he would be released comported with procedural due process. The District Court adopted the Magistrate Judge's Report and Recommendation and granted the motion for summary judgment. Delker filed a timely notice of appeal and we have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the District Court's order granting appellees' motion for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

Appellees conceded in the District Court that Delker's continuing placement in administrative confinement triggers due process protections. Thus, the question is whether Delker received procedural due process in relation to his confinement. In Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000), we examined the case of a prisoner who had been held in administrative confinement for eight years. We held that based on the periodic

3

reviews of his status, Shoats had received the due process to which he was entitled. We further noted that even if Shoats's confinement was based only on his past crimes, the process would be constitutional. Delker argues that, while he has been given the required periodic reviews, these reviews were "no more than rote exercises" and this denial of meaningful review violates the Fourteenth Amendment.

The District Court did a thorough review of the relevant caselaw and set forth a concise summary of the appellees' deposition testimony. We agree with the District Court that the appellees gave Delker meaningful periodic reviews, and thus procedural due process, and were entitled to summary judgment. However, we note that it would be helpful for judicial review if a brief written rationalization for keeping Delker confined in solitary was made when his status was reviewed, although not necessarily every ninety days.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's April 1, 2003, judgment.